IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND C. BROOME,

    Plaintiff,                             1:07 CV 1627 LJO WMW PC

    vs.                                   ORDER DISMISSING COMPLAINT
                                           WITH LEAVE TO
                                           FILE AN AMENDED COMPLAINT

                                           (THIRTY DAY DEADLINE)

JAMES TILTON, et al.,

    Defendants.

      Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Pleasant Valley State Prison, brings this civil rights action against defendant state officials and correctional officials employed by the CDCR at Pleasant Valley State Prison.

      Plaintiff's  claims in this complaint relate to the conditions of his confinement. Specifically, Plaintiff alleges that he was subjected to inadequate medical care.

      Plaintiff alleges that he has been diagnosed with valley fever, and that defendants should have known of the risk of the disease before they transferred Plaintiff.   Plaintiff alleges that

1 officials knew of this history of valley fever in the area where the prison is located, and are
2 therefore responsbile for Plaintiff's contraction of the disease.

3      Under the Eighth Amendment, the government has an obligation to provide medical care
4 to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In
5 order to violate the Eighth Amendment proscription against cruel and unusual punishment, there
6 must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v.
7 Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether
8 medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must
9 examine whether the plaintiff's medical needs were serious. See Id. Second, a court must
10 determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id.
11 at 1132.

12      In order to hold the individual defendants liable, Plaintiff must allege facts indicating that
13 they knew of and disregarded a serious risk to Plaintiff's health or safety, resulting in injury to
14 Plaintiff. The allegations of the complaint, taken as true, indicate that Plaintiff was treated for
15 his condition. Essentially, Plaintiff alleges that because other individuals in the geographic area
16 have contracted the disease in the past, they are liable for deliberate indifference. Plaintiff
17 alleges, at most, negligence.

18      Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of
19 action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429
20 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a
21 medical condition does not state a valid claim of medical mistreatment under the Eighth
22 Amendment. Medical malpractice does not become a constitutional violation merely because the
23 victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern,
24 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992),
25 overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)
26

1  (en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious
2  medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's
3  mere disagreement with diagnosis or treatment does not support a claim of deliberate
4  indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).
5       The statute under which this action proceeds plainly requires that there be an actual
6  connection or link between the actions of the defendants and the deprivation alleged to have been
7  suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo
8  v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to
9  the deprivation of a constitutional right, within the meaning of section 1983, if he does an
10 affirmative act, participates in another's affirmative acts or omits to perform an act which he is
11 legally required to do that causes the deprivation of which the complaint is made."  Johnson v.
12 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
13      The court finds the allegations in plaintiff's complaint vague and conclusory.   The court
14 has determined that the complaint does not contain a short and plain statement as required by
15 Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint
16 must give fair notice and state the elements of the claim plainly and succinctly.  Jones v.
17 Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at
18 least some degree of particularity overt acts which defendants engaged in that support plaintiff's
19 claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
20 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an
21 amended complaint.
22      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
23 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
24 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
25 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
26

there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   August 4, 2008**            /s/  William M. Wunderlich
                                       UNITED STATES MAGISTRATE JUDGE